UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO VARGAS,

                Plaintiff,

v.

MOTT, Psychiatrist, et al.,

                Defendants.

REPORT & RECOMENDATION

21-CV-6165-DGL-MJP

**PEDERSEN, M.J.** On February 16, 2021, Plaintiff Antonio Vargas ("Vargas") filed this action against Defendants Dr. Brittany Mott ("Dr. Mott") and Dr. Robert Weisman[1] ("Dr. Weisman) pursuant to Title 42, United States Code, Section 1983, alleging violations of his due process rights under the Eighth and Fourteenth Amendments. Plaintiff filed an amended complaint on May 2, 2022, which no longer listed Drs. Mott and Weisman as defendants. Defendants Mott and Weisman filed this timely motion to dismiss on May 15, 2022. (Notice of Motion, ECF No. 60.) For the reasons below, the undersigned recommends that the district judge grant Drs. Mott's and Weisman's application to dismiss the complaint as against them.

## CASE HISTORY

On January 29, 2020, the Honorable Alex Renzi of the Monroe County Supreme Court ("Judge Renzi") ordered Vargas, who was incarcerated at the time, to undergo a New York Criminal Procedure Law Article 730 psychiatric competency evaluation (Compl. 17, ECF No. 1.) Dr. Mott, a Forensic Psychiatry Fellow, and Dr. Weisman, a Professor of Psychiatry, both perform competency examinations for county inmates pursuant to the University of Rochester's contract with Monroe County (Mott Decl. at 1,

---

[1] Incorrectly noted in the caption as "Wiseman."

ECF No. 60-2; Weisman Decl. at 1, ECF No. 60-3.) Shortly after Judge Renzi's order, Drs. Mott and Weisman met Vargas at the Monroe County Jail to perform the examination.

Upon meeting with Drs. Mott and Weisman, Vargas refused to answer any questions (Compl. at 17, ECF No. 1.) Vargas argued that because Judge Renzi violated his constitutional rights by ordering the examination, he had the right not to answer the psychiatrists' questions. (*Id.*) Ultimately, Vargas walked out of the evaluation room without answering any questions. (*Id.*) As a result, Drs. Mott and Weisman recommended Vargas be referred to the Rochester Psychiatric Center ("RPC") to undergo an evaluation there. Drs. Mott and Weisman did not have any further contact with Vargas after this brief encounter, nor did they play any role in Vargas' evaluation, diagnosis, or treatment at RPC. (Mott Decl. ¶¶ 4–5, ECF No. 60-2; Weisman Decl. ¶¶ 4–5, ECF No. 60-3.)

On February 16, 2020, Vargas filed this action against Drs. Mott and Weisman pursuant to 42 U.S.C. § 1983 alleging violations of his due process rights under the Eighth and Fourteenth Amendments. Vargas filed an amended complaint on May 2, 2022, in which he no longer listed Drs. Mott and Weisman as defendants (Am. Compl. at 1–5, ECF No. 55.) Drs. Mott and Weisman subsequently filed this timely motion to dismiss on May 15, 2022, arguing that (1) Vargas had abandoned his claims against them by omitting them as defendants in his amended complaint; (2) that they have absolute immunity from suit because they performed judicial or quasi-judicial functions as psychiatrists performing court-ordered examinations; and (3) that Vargas failed to state a claim because competency evaluations do not violate due process under either the Eighth or Fourteenth Amendments.

Defendants served their motion on Vargas at the Clinton Correctional Facility Annex on May 12, 2022. (Cert. of Service, ECF No. 61.) On May 20, 2022, Vargas filed a

letter response in which he stated that he had not included Drs. Mott and Weisman in his amended complaint because the district judge had dismissed his third claim with prejudice, and it was in the third claim that he "talked about [D]r. Mott, [D]r. Weisman, Stubbe, and [B]ahl so it made no sense to just talk about Mott and Weisman on a different claim." (Pl.'s Mem./Br. at 1, ECF No. 68.) Nevertheless, in his letter, Vargas insists that the two doctors should be included in the lawsuit. (*Id.*)

Vargas's amended complaint is the operative pleading in this case. The Court granted Vargas leave to amend his complaint by December 23, 2021 (Judge Larimer's March 7, 2022, Order, ECF No. 40). Vargas filed his amended complaint on May 5, 2022, months after Judge Larimer's deadline, and, thus, without leave of court. However, Rule 15(a)(2) allows a party to amend a pleading with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Although the writing need not take any particular form, a motion to dismiss based both on the original and amended complaint constitutes consent to the amended pleading. *See Magnetic Eng'g and Mfg. Co. v. Dings Magnetic Separator Co.*, 86 F. Supp. 13 (S.D.N.Y. 1949); *Fleetwood v. Milwaukee Mechanics Ins. Co.*, 87 F. Supp. 353 (W.D. Mo. 1949) (holding that plaintiff was estopped from denying that written consent was given and that defendant effectively consented to amendment by attempting removal). Here, Vargas amended his complaint without leave of court but with Defendants' written consent because Defendants filed a motion to dismiss in response to the amended complaint. Therefore, the amended complaint is the operative pleading in this case.

"To state a valid claim under 42 U.S.C. § 1983, plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or

laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir. 1994)). Pro se prisoner plaintiff pleadings are generally held "to less stringent standards than formal pleadings drafted by lawyers" to allege a set of facts entitling the plaintiff to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that pro se prisoner was "entitled to an opportunity to offer proof" when allegations supported set of facts for relief, even if unartfully pleaded). However, if no relief could be granted upon any set of facts, that claim must be dismissed. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (citing *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984)). Vargas' claim will not survive a motion to dismiss if he abandoned his claims against Drs. Mott and Weisman in his amended complaint, if Drs. Mott and Weisman have absolute immunity from suit, or if Vargas failed to state a claim against Drs. Mott and Weisman.

### *Vargas Abandoned His Claims Against Drs. Mott and Weisman*

"[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Harris v. City of New York*, 186 F.3d 243, 249 (1999) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). Thus, a plaintiff generally abandons any claims included in the original complaint but omitted from the amended complaint. However, because a pro se party "may not fully understand the superseding effect of the second pleading," pro se parties may later reallege claims omitted from the amended pleading once they understand the amended pleading's effects. *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155–56 (2d Cir. 1998), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002). This relaxed standard ensures a pro se party does not inadvertently abandon his claims. Nevertheless, when a pro se party has been expressly warned that the amended pleading

4

will replace the original, the party abandons any claims not incorporated into the amended pleading. *See Lapietra v. City of Albany Police Dept't*, 9:19-CV-1527 (TJM/TWD), 2021 WL 1345520, at *27–28 (N.D.N.Y. Apr. 9, 2021) (holding that pro se prisoner plaintiff abandoned claims omitted from amended complaint when decision footnote explicitly warned of amended pleading's effect); *see also Pagan v. New York State Div. of Parole*, No. 98 Civ. 5940(FM), 2002 WL 398682, at *4 (S.D.N.Y. Mar. 13, 2002) (finding that pro se plaintiff abandoned omitted claims in amended complaint when he understood amended complaint replaced original complaint).

Here, Vargas abandoned his claims against Drs. Mott and Weisman by failing to include them as defendants in his amended complaint. In Judge Larimer's order dated March 15, 2021, a footnote explicitly cautioned Vargas to include all claims in the amended complaint "[b]ecause the amended complaint will become the sole complaint in the action" (Order at 24 n.11, ECF No. 9). This footnote alone is sufficient notice of the effects of the amended pleading. *See Lapietra,* 2021 WL 1345520, at *27–28. Notably, in addition to omitting Drs. Mott and Weisman from the amended complaint, Vargas also omitted other defendants that had already been dismissed from the action and added tens of others (Am. Compl. at 1–5, ECF No. 55). This suggests that Vargas understood the effect of the amended pleading and intentionally excluded Drs. Mott and Weisman, among others, from the action to abandon his claims against them, although his letter to the Court would indicate otherwise. *See Pagan*, 2002 WL 398682, at *4. Nevertheless, by being warned to include all his claims in the amended complaint, and failing to do so, Vargas has abandoned his claims against Drs. Mott and Weisman. Therefore, the Court recommends that the district judge grant Defendants' motion to dismiss.

5

*Absolute Immunity from Suit*

Even if Vargas did not abandon his claims against Drs. Mott and Weisman by failing to include them in his amended complaint, absolute immunity provides an alternative basis for dismissal. "Those 'perform[ing] functions closely associated with the judicial process' receive absolute quasi-judicial immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)." *Bloom v. N.Y. State Unified Court Sys.*, No. 19-CV-7115 (DRH), 2020 U.S. Dist. LEXIS 191883, at *10 (E.D.N.Y. Oct. 16, 2020)

Despite the broad language of § 1983 imposing liability on any "person acting under color of state law," certain court-appointed persons are immune from suit. Specifically, psychiatrists who perform court-ordered examinations enjoy absolute quasi-judicial immunity. *See Kochan v. Schawbenbauer*, No. 1:17-cv-00452, 2018 WL 3848432, at *7 (W.D.N.Y. Aug. 13, 2018) (holding that defendant psychiatrists who performed court-ordered psychiatric examinations enjoyed absolute quasi-judicial immunity); *Hunter v. Clark*, No. 04-CV-0920SC, 2005 WL 1130488, at *2 (W.D.N.Y. May 5, 2005) (holding that court-appointed psychiatrists who examined plaintiff to determine his competency enjoyed absolute quasi-judicial immunity).

Here, Drs. Mott and Weisman have absolute quasi-judicial immunity from Vargas' claim. Pursuant to their contract between the University of Rochester and Monroe County, Drs. Mott and Weisman perform psychiatric evaluations for county inmates per the express order of a court. Because Judge Renzi ordered the evaluation under N.Y. Crim. Proc. L. § 730, Drs. Mott and Weisman unequivocally acted under the authority of a court order. *See Kochan*, 2018 WL 3848432, at *7; *Hunter*, 2005 WL 1130488, at *2. Thus, Drs. Mott and Weisman have absolute quasi-judicial immunity from suit.

6

Therefore, the undersigned recommends the district judge grant Drs. Mott and Weisman's motion to dismiss.

*Failure to State a Claim*

Even if Vargas did not abandon his claims against Drs. Mott and Weisman, and even if Drs. Mott and Weisman are not immune from suit, Vargas fails to state a claim against them. As an incarcerated pro se plaintiff, the Court should construe Vargas' allegations "with the utmost leniency." *Lapietra*, 2021 WL 1345520, at *11; *see also Haines*, 404 U.S. 519 at 520; *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.").

Vargas argues that Drs. Mott and Weisman violated his due process rights under the Eighth and Fourteenth Amendments by attempting to perform a competency examination. Although the Eighth Amendment prohibits cruel and unusual punishment, it does not permit criminal defendants to refuse, or waive their right to, a competency evaluation. *See Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quoting *Medina v. California*, 505 U.S. 437, 453 (1992)) ("[T]he criminal trial of an incompetent defendant violates due process."); *Pate v. Robinson*, 383 U.S. 375, 384 (1966) ("[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial."); *People v. Armlin*, 37 N.Y.2d 167, 172 (1975) ("Once the procedure mandated by CPL article 730 had been invoked, the defendant is entitled to a full and impartial determination of his mental capacity."). Additionally, substantive due process claims under the Fourteenth Amendment "must allege governmental conduct that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Kochan*, 2018 WL 3848432,

7

at *6 (quoting *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005)).[2] Competency evaluations under N.Y. Crim. Proc. L. § 730 do not violate the Fourteenth Amendment's due process protections. *Id.* (dismissing pro se plaintiff's substantive due process claims against defendant psychiatrists for administrative errors in competency evaluations).

Even construing Vargas's allegations with the utmost leniency, he fails to state a claim against Drs. Mott and Weisman. Competency evaluations, such as those permitted under N.Y. Crim. Proc. L. § 730, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Cooper*, 517 U.S. at 354; *Pate*, 383 U.S. at 384; *Armlin*, 37 N.Y.22d at 172. A competency evaluation is a right that a criminal defendant has, not a punishment to which he is subjected, because of the critical importance of a defendant's competence: "'upon it depends the main part of those rights deemed essential to a fair trial.'" *Cooper*, 517 U.S. at 354 (quoting *Drope v. Missouri*, 420 U.S. 162, 171–72 (1975)). Similarly, competency evaluations, such as the one Judge Renzi ordered for Vargas, do not violate the Fourteenth Amendment's due process protections because competency is critically important to a criminal defendant's case. *See Kochan*, 2018 WL 3848432, at *6; *Cooper*, 517 U.S. at 354.

Moreover, Vargas fails to state a claim because he was never subjected to a competency evaluation. As he admits in his original complaint, Drs. Mott and Weisman never performed a competency evaluation because Vargas refused to answer any questions (Compl. at 17, ECF No. 1). Recommending Vargas to RPC for a competency

---

[2] The Supreme Court recently discussed substantive due process under the Fourteenth Amendment stating in part that it "comprises a select list of fundamental rights that are not mentioned anywhere in the Constitution." Further, those select fundamental rights must be "'deeply rooted in [our] history and tradition' and … essential to our Nation's 'scheme of ordered liberty.'" *Dobbs v. Jackson Women's Health Org.*, No. 19-1392, 142 S. Ct. 2228, 2022 U.S. LEXIS 3057, at *29–30 (June 24, 2022).

evaluation does not violate either his Eighth or Fourteenth Amendment rights. *See Kochan*, 2018 WL 3848432, at *6; N.Y. Crim. Proc. L. § 730.20(5) ("If the psychiatric examiners are not unanimous in their opinion as to whether the defendant is or is not an incapacitated person, the director must designate another qualified psychiatric examiner to examine the defendant."). Thus, Vargas fails to state a claim against Drs. Mott and Weisman. Accordingly, the undersigned recommends that the district judge grant Drs. Mott and Weisman's motion to dismiss.

## CONCLUSION

For the reasons stated above, the undersigned recommends that the district judge grant Drs. Mott and Weisman's Motion to Dismiss.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order***. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

IT IS SO ORDERED.

DATED:   July 13, 2022
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge