UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO VARGAS,

                                                                                         DECISION AND ORDER

                                 Plaintiff,

                                                                                         21-CV-6165L

                        v.

MOTT, Psychiatrist, et al.,

                                 Defendants.
_____


       Plaintiff Antonio Vargas ("Vargas") commenced an action pursuant to 42 U.S.C. § 1983 against two doctors, Brittany Mott ("Dr. Mott") and Robert Weisman ("Dr. Weisman"). Vargas alleged violations under the Eighth and Fourteenth Amendments based on the defendant-doctors' attempt to perform a competency examination as ordered by a Monroe County Supreme Court justice. Both Dr. Mott and Dr. Weisman have moved to dismiss (Dkt. # 60).

       The matter was referred to United States Magistrate Judge Mark W. Pedersen, who issued a thorough Report and Recommendation (Dkt. # 78) recommending that this Court grant the motion to dismiss as to both defendants. No objections to the Report and Recommendation have been filed by Vargas.

       I have reviewed the Report and Recommendation and I see no reason to alter or modify the Report and Recommendation in any way and, therefore, I adopt it. I agree with Magistrate Judge Pedersen that there are several bases to grant defendants' motion to dismiss. First of all, although Vargas listed these defendants in the original Complaint, when he filed an Amended Complaint he mentioned neither doctor. That constitutes an abandonment of the claim against the doctors. I

accept the authority cited by Magistrate Judge Pedersen and would grant the motion to dismiss on this ground.

There are other reasons to grant the motion. It does appear that both doctors were performing a competency exam at the request of a judge and, therefore, there is well-recognized authority that such individuals have quasi-judicial immunity from lawsuits for engaging in that activity. But, as a practical matter, Vargas has failed to state a valid claim under Section 1983 because the competency evaluation never occurred. Although both doctors attempted to engage Vargas, he steadfastly refused to answer any questions and, therefore, he was never subject to any competency evaluation by the two-named defendants. Vargas has failed to adequately state a viable cause of action.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #78) of United States Magistrate Judge Mark W. Pedersen recommending that the Court grant the motion to dismiss filed by defendant Brittany Mott and Robert Weisman.

For the foregoing reasons stated by Magistrate Judge Pedersen, I grant the motion to dismiss (Dkt. #60) as to both defendant-doctors and the Complaint is dismissed as to those defendants in all respects.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 10, 2022.